# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DAVID M HOFFARTH, JR.** | **JUDGMENT IN A CRIMINAL CASE**<br>(for **Revocation** of Probation or Supervised Release)<br><br>Case Number: **3:10-CR-30071-SMY-1**<br>USM Number: **08609-025**<br><br>STEPHEN R. WELBY<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s)  <u>As listed below</u>   of the term of supervision.
☐ was found in violation of condition(s)                              after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| Administrative | It was verified that the defendant changed his residence without prior notification to his probation officer. | 7/12/2018 |

**Violations continued on Page 2**

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s)  ☐ is ☐ are dismissed on the motion of the United States.

☐ The defendant has not violated condition(s)  and is discharged as to such violation(s) condition.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

August 21, 2018
Date of Imposition of Judgment

Last Four Digits of Defendant's Soc. Sec.: 1086

Defendant's Year of Birth: 1990

City and State of Defendant's Residence:
St. Louis, Missouri

/s/ Staci M. Yandle
Signature of Judge
Staci M. Yandle, United States District Judge
Name and Title of Judge

Date Signed: 9/12/2018

## ADDITIONAL COUNTS OF CONVICTION

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| Special | The defendant failed to reside in a Residential Reentry Center for the first six months and abide by the rules and regulations of the facility in that the defendant left Dismas House of St. Louis and failed to return. The offender was subsequently discharged from Dismas House of St. Louis. | 7/9/2018 |

Defendant admits the Government could prove the following allegation by a preponderance of the evidence:

| | | |
|---|---|---|
| Statutory | The defendant committed the offenses of Felon in Possession of a Firearm Ammunition and Resisting a Peace Officer. | 7/27/2018 |

DEFENDANT: DAVID M HOFFARTH, JR.
CASE NUMBER: 3:10-CR-30071-SMY-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **24 months with no supervised release to follow**

- [x] The court makes the following recommendations to the Bureau of Prisons: Defendant should be screened for RDAP or an appropriate substance abuse treatment. In addition, the Court recommends the Bureau of Prisons consider placement at Greenville FCI.

- [x] The defendant is remanded to the custody of the United States Marshal.
- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAVID M HOFFARTH, JR.
CASE NUMBER: 3:10-CR-30071-SMY-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | *$25.00 | N/A | $0 | *$19,653.51 |

**\*As no payments have been received for Restitution and there remains monies owing on the Special Assessment which was ordered by the Court in the prior judgment, the Court reimposes restitution in the amount of $19,653.51 and Special Assessment of $25.00.**

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Curt Smith Sporting Goods<br>Attn: John Valero<br>213 East Main Street<br>Belleville, IL 62220-1631 |  | $250.00 | 1 |
| Pekin Insurance Company<br>Claim # W48558<br>2505 Court Street<br>Pekin, IL 61558 |  | $19,403.51 | 2 |
| **TOTALS** |  | $19,653.51 |  |

☐ Restitution amount ordered pursuant to plea agreement $_____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
The court determined that the defendant does not have the ability to pay interest and it is ordered that:
☒ the interest requirement is waived for ☐ fine ☒ restitution.
☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.